

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

*IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL**

## ORDER OF TRANSFER WITH SIMULTANEOUS SEPARATION, REMAND AND TRANSFER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in fifteen actions listed on Schedule A seeking to vacate the Panel's orders conditionally i) transferring these actions involving the prescription medication Vioxx (manufactured by Merck & Co., Inc. (Merck)) to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in MDL-1657; ii) simultaneously separating and remanding claims in these actions relating to prescription medications Bextra and Celebrex (manufactured by Pfizer Inc. (Pfizer)) to their transferor districts; and iii) transferring the resulting Bextra/Celebrex actions to the Northern District of California for inclusion in MDL-1699 pretrial proceedings. Defendants Pfizer, Pharmacia Corp., G.D. Searle LLC and Merck oppose these motions and urge effectuation of the Panel's orders.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with i) actions in MDL-1657 previously transferred to the Eastern District of Louisiana, and ii) actions in MDL-1699 similarly centralized in the Northern District of California. The Panel further finds that transfer for inclusion in the coordinated or consolidated pretrial proceedings in those two districts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is also appropriate for reasons expressed by the Panel in its original orders directing centralization in these two dockets. In MDL-1657, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions relating to Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005). Likewise, the Panel held that the Northern District of California was a proper Section 1407 forum for actions relating to Bextra and/or Celebrex. See *In re Bextra and Celebrex Marketing, Sales Practices*

---

* Judges Motz and Miller took no part in the decision of this matter.

- 2 -

*and Products Liability Litigation*, 391 F.Supp.2d 1377 (J.P.M.L. 2005).  Pending motions to remand these actions to state court can, in appropriate parts, be presented to and decided by each of the transferee courts.  *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1657 – *In re Vioxx Marketing, Sales Practices and Products Liability Litigation*.  The claims relating to Pfizer's Bextra and Celebrex prescription medications are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to their transferor districts.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the resulting actions involving claims relating to Bextra and Celebrex are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1699 – *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

CLERK'S OFFICE
A TRUE COPY
JUN 8 2007
Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

# SCHEDULE A

MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation
MDL-1699 -- In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

|  | CASE NO. EAST. DIST. LA |
|---|---|
| **Northern District of Alabama** | |
| William D. McCluskey, etc. v. Merck & Co., Inc., et al., C.A. No. 2:07-232 | 07-3323 |
| **Eastern District of California** | |
| Carol Ann Davies, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-2768 | 07-3324 |
| Lois Hornsby, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-2776 | 07-3325 |
| Bertha Townsend, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-2780 | 07-3326 |
| Arthur Bluett, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-2787 | 07-3327 |
| Lisa Mathews, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-2807 | 07-3328 |
| Geneva Styles, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-2812 | 07-3329 |
| Ali Muhilddine, et al. v. Merck & Co., Inc., et al., C.A. No. 2:06-2814 | 07-3330 |
| Elizabeth A. Cochran v. Merck & Co., Inc., et al., C.A. No. 2:06-2817 | 07-3331 |
| Kevin L. Chaney v. Merck & Co., Inc., et al., C.A. No. 2:06-2826 | 07-3332 |
| Wendel Vantine, etc. v. Merck & Co., Inc., et al., C.A. No. 2:06-2851 | 07-3333 |
| Barry Dohner, etc. v. Merck & Co., Inc., et al., C.A. No. 2:06-2853 | 07-3334 |
| Jerry Strange v. Merck & Co., Inc., et al., C.A. No. 2:06-2875 | 07-3335 |
| **Southern District of Illinois** | |
| Robert J. Smith, Jr., etc. v. Merck & Co., Inc., et al., C.A. No. 3:06-964 | 07-3336 |
| Wilburn Williamson, etc. v. Merck & Co., Inc., et al., C.A. No. 3:06-1023 | 07-3337 |